**Alton-Germania Building and Loan Association, Appellee, v. Charles Glass et al., trading as The Crandall Lumber & Hardware Company, Andrew Crandall, Appellant.**

1. MECHANICS' LIENS, § 125*—*when claim for lien is prior to a mortgage.* Where a material man took a promissory note of the owner and to secure the note the owner gave him a quitclaim deed of the property and thereafter the owner mortgaged the premises to another to secure a loan, *held* that the material man by taking the note secured by the quitclaim deed did not relinquish his claim for lien upon the premises so as to permit the mortgage to become a prior lien.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

2. MECHANICS' LIENS, § 138*—*effect of taking additional security as waiving right to lien.* Section 1 of the Mechanics' Lien Law of 1903, J. & A. ¶ 7139, expressly provides that the taking of additional security shall not be a waiver of any right to a lien unless made a waiver by express agreement by the parties.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY,, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914.

WILLIAM P. BOYNTON, for appellant.

B. J. O'NEILL, for appellee.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

Andrew Crandall prosecutes this appeal and seeks to reverse the decree of the Circuit Court giving appellee a material man's lien upon the premises in question.

It appears from the record in this case that defendant Charles Glass was the owner of Lot 6 in Block 9, Pennington's Addition to Wood River, Madison county, Illinois, and that on about the 1st of April, 1911, he contemplated the erection of a dwelling house upon said lots and on that date contracted with the appellant Crandall for the necessary lumber and building material to construct such dwelling house, which was furnished by Crandall from time to time as required, and the last delivery thereof was made on July 19, 1911. On October 28, 1911, the appellant Crandall filed his claim for a lien on said property in the office of the clerk of the Circuit Court of Madison county, in the amount of $268.21. On February 2, 1911, the defendant Glass made to appellant Crandall his promissory note for said amount, bearing six per cent. interest, and to secure such note executed and delivered to Crandall a quitclaim deed to the property in question. At the time of the execution of this note

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

and mortgage it was expressly stipulated in the note that the giving thereof, "Shall not operate as a waiver of any lien upon the property improved by the material for which this note is given." At the same time Crandall executed to Glass a contract that if he, the said Glass, shall first make the payments and perform the covenants hereafter mentioned on his part to be made and performed, the said Crandall agrees to quitclaim the said property to the said Glass. The agreements required to be performed were to pay the said sum of $268.21 within six months with interest at six per cent. per annum, and to pay the taxes, insurance and repairs.

It appears from the testimony of both of said parties to the said quitclaim deed that it was made and delivered by Glass to Crandall as security for the said amount, and was intended as a mortgage only. On June 26, 1911, and before the completion of said building, the defendant Glass obtained a loan from appellee of $800, payable in monthly payments, and executed to appellee a mortgage securing such loan. The defendant Glass failed to make the monthly payments to appellee, as required by said mortgage, and appellee at the January term, 1913, of the Madison county Circuit Court, filed a bill to foreclose its mortgage and made the appellant and others parties to said suit. Answers were filed and the cause referred to the master, and upon a hearing in the Circuit Court it was decreed by the Circuit Court that the appellee had a valid first lien upon said premises to secure its said mortgage, to the rendition of which decree the appellant Crandall duly excepted.

It is claimed by appellant that he did within the statutory period after the delivery of his lumber and building materials, for said house, file in the office of the Circuit Court of Madison county, Illinois, his claim for lien, which is not disputed.

It is, however, contended by appellee that the taking of the quitclaim deed by appellant Crandall from Glass, on February 2nd, merged the lien of appellant Crandall in the quitclaim deed and thereby permitted appellee's mortgage to become a first lien upon the premises, and cites in support of this contention the case of *Shinn v. Fredericks,* 56 Ill. 440. This case might be in point if it were not for the fact that it appears from the undisputed evidence herein that the title to the property in question did not vest in the defendant Crandall, as this conveyance was only intended as a mortgage. But even if it were intended as a conveyance of the fee, it is held that, "Where a merger is created by uniting legal and equitable estates in the same person, as, of a mortgage," that the fee depends upon the intention of the mortgagee. *Aetna Life Ins. Co. v. Corn,* 89 Ill. 173. We find nothing in this record that warrants us in holding that it was the intention of Crandall to relinquish his claim for a lien upon the premises, but it does appear from the testimony of the witnesses and the conduct of the parties that he was at all times insisting upon preserving his interest in this property.

It is next contended by counsel for appellee that if the taking of this quitclaim deed was additional security, that the mechanic's lien of appellant Crandall is thereby forfeited, and counsel for appellee, in commenting upon this point, says: "If this note and quitclaim deed are additional security, and we accept Crandall's statement that they are, then there is no use arguing this case further for this court and the Supreme Court of Illinois has long ago recognized the rule of law that a mechanic or material man taking additional security, either personal or real, would have the effect to discharge the premises from the lien." Citing *Lyon Lumber Co. v. Equitable Loan Co.,* 174 Ill. 34, and other authorities, which appear to sustain

492    APPELLATE COURTS OF ILLINOIS.

the contention of appellee, and was doubtless the law at the time of the rendition of those decisions, the last of which was rendered on June 18, 1898; but on July 1, 1903, there was a revision of the mechanic's lien law and in that revision it was expressly provided: "Nor shall the taking of additional security by the contractor or sub-contractor be a waiver of any right of lien which he may have by virtue of this act, unless made a waiver by the express agreement of the parties." R. S. ch. 82, sec. 15. (J. & A. ¶ 7139.) We are of the opinion that the quitclaim deed executed by Glass to Crandall was only intended as a mortgage to further secure the debt owing by Glass to Crandall, for which he had a lien under the statute, and that there is nothing in this record that will warrant us in saying that Crandall thereby waived his lien or that the lien merged in the fee and permitted appellee's mortgage to become a first lien.

The decree of the Circuit Court, is, in our opinion, erroneous in holding that appellee had a prior lien to appellant Crandall upon the premises in question, and the decree is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*